UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT ALVA,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>          Defendant. | 1:24-cv-00686 SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>**Clerk of the Court to Assign District Judge** |

Plaintiff James Scott Alva[1] is a federal prisoner proceeding pro se in a civil rights action pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971).

**I.     INTRODUCTION**

Plaintiff initiated this action with the filing of his complaint on June 12, 2024. (Doc. 1.) The complaint was not accompanied by the required filing fee or an application to proceed *in forma pauperis*.

On June 13, 2024, the Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case. (Doc. 2.) The following day, the Court issued its Order to Submit Application to Proceed *In Forma Pauperis* or Pay Filing Fee Within 45 Days. (Doc. 3.)

---

[1] Plaintiff also identifies himself as "jim-SCOTT:COLE." (*See* Doc. 1 at 1.)

1

On June 26, 2024, Plaintiff filed a document titled "Subpoena." (Doc. 4.) The document purports to issue a "writ … under the authority of a court to compel TEAM QUEBEC to pay this debt in full … [¶] $405 to the EASTERN DISTRICT COURT." (*Id*.) "TEAM QUEBEC" is identified as follows: "E. APPLETON-Unit Manager; ECHEVERRIA-Case Worker; F. SEVERANCE- COR." (*Id*.) The document further states: "On behalf of the ALVA, JAMES SCOTT, ADM, Pay this court." (*Id*.)

On June 27, 2024, Plaintiff filed a first amended complaint. (Doc. 5.)  On July 16, 2024, Plaintiff filed a document titled "Bill of Exchange." (Doc. 6.) The document identifies this Court as "Payee," recites the sum of $405, and states the following:

```
ACCOUNT NUMBER: 41149-48903-048
ALVA, JAMES SCOTT, 18 U.S.C. § 2 – PRINCIPAL
TEAM QUEBEC
    E. APPLETON      UM   )
    F. SEVERANCE     COR  )      Agent(s) or Payor(s)
    ECHEVERANCE      C/W  )
```

(Doc. 6.) It reads: "WARRANT LEVEL I, has $500,000.00 in it, lets go ahead and use this money, which I believes is mine RIGHT?" (*Id*.)

## II.   DISCUSSION

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's failure to comply with the Court's June 14, 2024, order, dismissal of this action is appropriate.[2] *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

---

[2] The Court notes Plaintiff has filed other actions in various district courts in which he failed to follow court orders, including failing to submit an application to proceed *in forma pauperis* (IFP) or to pay the filing fee. *See, e.g., Alva v. No Named Defendants*, No. 1:21-cv-00962-LTB (D. Colo.), action dismissed without prejudice for failure to comply with court order to pay filing fee or submit IFP application and failure to prosecute on June 14, 2021; *Alva v. Louisiana State, et al*., No. 2:22-cv-05733-JDC-KK (W.D. La.), action stricken for failure to pay the filing fee or to submit IFP application on January 19, 2023; *Alva v. YAM Yazoo City FCC, et al*., No. 3:21-cv-00542-KHJ-MTP (S.D. Miss.), action dismissed with prejudice for failure to comply with court order to pay filing fee or submit IFP application and failure to prosecute on February 22, 2022; and *Cole v. Yazoo City FCC, et al*., No. 3:21-cv-00719-CWR-FKB (S.D. Miss.), action dismissed without prejudice for failure to comply with court order to pay filing fee or submit IFP application and failure to prosecute on March 29, 2022.  *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

"[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Plaintiff has neither filed an application to proceed *in forma pauperis*, nor paid the filing fee for this action. Plaintiff has instead submitted frivolous filings in response to the Court's June 14, 2024, order requiring him to provide a completed application or pay the required filing fee. (*See* Docs. 4 & 6[3].) The Court cannot effectively manage its docket if Plaintiff ignores the Court's orders and submits frivolous filings, consuming the Court's limited time. This action can proceed no further without Plaintiff's cooperation and compliance. Thus, the Court finds that both the first and second factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440; *see also Humphrey v. California Highway Patrol*, No. 1:24-cv-00443-BAM (E.D. Cal. May 30, 2024), 2024 WL 2785441, at *2-3 (recommending dismissal without prejudice for failure to submit IFP

---

[3] *See Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007) (finding theory that debtors may issue a bill of exchange requiring the government to pay their debts out of secret trusts as being "equal parts revisionist legal history and conspiracy theory" and that courts have consistently found that similar bills of exchange, notes, and letters of credit supposedly drawn on treasury accounts are not legal tender and are, in fact, nothing more than "worthless piece[s] of paper").

3

application or to pay filing fee); *Amps v. All Wrongdoers*, No. 1:23-cv-01329-HBK, 2023 WL 6541868, at *2-3 (E.D. Cal. Oct. 6, 2023) (recommending dismissal without prejudice for failure to submit IFP application or to pay filing fee); adopted in full, 2023 WL 7305248 (E.D. Cal. Nov. 6, 2023)); *Harris v. Brunk, et al.*, No. 1:22-cv-00302-AWI-CDB, 2022 WL 16926151, at *2 (E.D. Cal. Nov. 14, 2022) (recommending dismissal without prejudice for failure to submit IFP application or to pay filing fee; adopted in full, 2022 WL 17584382 (E.D. Cal. Dec. 12, 2022)).

While the risk of prejudice to defendants is a lesser factor here because the named defendants have not been served or appeared in the action, a presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff's failure to file a completed application to proceed *in forma pauperis* or pay the required filing fee amounts to an unreasonable delay in prosecuting this action. Therefore, the Court finds the third factor—a risk of prejudice to defendants—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA,* 460 F.3d at 1228. Here, Plaintiff is failing to move this case forward by not complying with the Court's order to submit a completed application to proceed *in forma pauperis* or to pay the filing fee. Thus, the Court finds the fourth factor—the public policy favoring disposition on the merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case advised, in relevant part: "the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include

dismissal of the case." (Doc. 2 at 1.) In that same order, Plaintiff was advised that "all Court deadlines are strictly enforced." (*Id*. at 5.) In the June 14, 2024, order, Plaintiff was expressly warned that a **"[f]ailure to comply with his order will result in dismissal of this action**." (Doc. 3 at 1, emphasis in original.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with Court orders. Moreover, at this stage of the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor—the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action. The Court **RECOMMENDS** this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 17, 2024**                         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE