UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT ALVA[1], <br><br>  Plaintiff, <br><br>  v. <br><br> STATE OF CALIFORNIA, et al., <br><br>  Defendant. | 1:24-cv-00686-JLT-SKO <br><br> **ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE** <br><br> (Doc. 8) <br><br> **FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** <br><br> (Doc. 14) <br><br> **14-DAY OBJECTION PERIOD** |

Plaintiff James Scott Alva[1] is a federal prisoner proceeding pro se in a civil rights action pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971).

**I.     INTRODUCTION**

Plaintiff initiated this action with the filing of his complaint on June 12, 2024. (Doc. 1.) The complaint was not accompanied by the required filing fee or an application to proceed *in forma pauperis*.

---

[1] Plaintiff also identifies himself as "jim-SCOTT:COLE." (*See* Doc. 1 at 1.)

1

On June 13, 2024, the Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case. (Doc. 2.) The following day, the Court issued its Order to Submit Application to Proceed *In Forma Pauperis* or Pay Filing Fee Within 45 Days. (Doc. 3.)

On June 26, 2024, Plaintiff filed a document titled "Subpoena." (Doc. 4.) The document purports to issue a "writ … under the authority of a court to compel TEAM QUEBEC to pay this debt in full … [¶] $405 to the EASTERN DISTRICT COURT." (*Id.*) "TEAM QUEBEC" is identified as follows: "E. APPLETON-Unit Manager; ECHEVERRIA-Case Worker; F. SEVERANCE- COR." (*Id.*) The document further states: "On behalf of the ALVA, JAMES SCOTT, ADM, Pay this court." (*Id.*)

On June 27, 2024, Plaintiff filed a first amended complaint. (Doc. 5.)  On July 16, 2024, Plaintiff filed a document titled "Bill of Exchange." (Doc. 6.) The document identifies this Court as "Payee," recites the sum of $405, and states the following:

```
ACCOUNT NUMBER: 41149-48903-048
ALVA, JAMES SCOTT, 18 U.S.C. § 2 – PRINCIPAL
TEAM QUEBEC
      E. APPLETON       UM    )
      F. SEVERANCE      COR   )        Agent(s) or Payor(s)
      ECHEVERANCE       C/W   )
```

(Doc. 6.) It further reads: "WARRANT LEVEL I, has $500,000.00 in it, lets go ahead and use this money, which I believes is mine RIGHT?" (*Id.*)

On July 17, 2024, this Court issued "Findings and Recommendations to Dismiss Action for Failure to Obey Court Order and Failure to Prosecute." (Doc. 8.)  The Court found that Plaintiff failed to comply with the Court's June 14, 2024, order that he submit an application to proceed *in forma pauperis* (IFP) or pay the required filing fee. (*Id.* at 2-5.) Plaintiff was afforded 14 days within which to file any objections. (*Id.* at 5.) The findings were re-served to Plaintiff on August 2, 2024, following his change of address. (*See* Doc. 9 & Docket Entry dated 8/2/2024 [re-service by mail].)

On August 5, 2024, the Court issued its "Order Granting Extension of Time Within Which to File Objections to the Court's Findings and Recommendations, or to Pay the Required Filing Fee." (Doc. 10.) Plaintiff was ordered to file his objections within 30 days, or, in the alternative,

to pay the filing fee. (*Id*. at 3.) That same day, Plaintiff filed a document titled "Hostage, Attempted Murder, Theft of my Mail," docketed as a "Second Response to Order." (Doc. 11.)

On August 12, 2024, Plaintiff filed an untitled document docketed as Objections to the Findings and Recommendations. (Doc. 12.) When mail directed to Plaintiff was returned as undeliverable, the Court issued its "Order Extending Deadline to Pay the Required Filing Fee" on August 27, 2024. (Doc. 13.) On September 10, 2024, Plaintiff filed an IFP application. (Doc. 14.)

The Court will vacate its Findings and Recommendations to dismiss this action and will issue new Findings and Recommendations to deny Plaintiff's IFP application, for the reasons discussed below.

**II.     DISCUSSION**

First, although untimely, Plaintiff has filed an IFP application. The Court will therefore vacate its Findings and Recommendations to dismiss his case for a failure to obey courts orders and failure to prosecute.

Second, the Court now considers the IFP application filed on September 10, 2024. (Doc. 14.) Because Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915 and fails to show that he is under imminent danger of serious physical injury, the Court will recommend that his IFP application be denied.

**A. Three-Strikes Provision of 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

3

**B.    Analysis**

The Court takes judicial notice[2] of three prior lawsuits filed by Plaintiff in the Las Vegas division of the United States District Court for the District of Nevada:

1. *Alva v. Titsworth, et al.*, No. 2:18-cv-00476-JAD-PAL (Nev.), dismissed with prejudice for failure to state a claim on April 20, 2019
2. *Alva v. Alva, et. al.*, No. 2:18-cv-00788-JAD-NJK (Nev.), dismissed as frivolous on July 17, 2018
3. *Cole v. State of Louisiana*, No. 2:22-cv-01045-JAD-EDY (Nev.), adopting recommendation to dismiss for failure to state a claim on September 15, 2022

A dismissal for a failure to state a claim, or based on frivolousness, is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes, and each was dismissed prior to the commencement of the current action on June 12, 2024, Plaintiff is subject to the section 1915(g) bar. He is also precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

"[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." *Andrews*, 493 F.3d at 1057 n.11. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed the first amended complaint[3] and finds that Plaintiff's allegations

---

[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Plaintiff's original complaint is even more difficult to discern than his first amended complaint. (*See* Doc.

4

do not meet the imminent danger exception. It appears that Plaintiff seeks to hold the United States of America, the State of California, this Court, FCI Mendota and more than a dozen of its employees, as well as "Alva, James Scott, Enterprise, PP44" and "Team Quebec," liable for violations of his civil rights. He alleges a denial of access to his "inmate profile" or "PP44," as well as breach of contract, libel, slander, assault and battery, and theft of his "person" and property. (*Id.*) Other than vague and conclusory assertions concerning purported assaults and torture (*e.g.*, "I was assaulted because I would not act on behalf of the PP44. I was then tortured, by having to wear paper clothing, past policy"), this Court cannot discern any factual allegations asserting Plaintiff is in imminent danger of serious physical injury. (*See* Doc. 5.) Therefore, Plaintiff has failed to show specific facts alleging an ongoing serious physical injury. *Martin,* 319 F.3d at 1050. He offers nothing more than vague and conclusory assertions of harm. *White*, 157 F.3d at 1231-32.

In sum, Plaintiff should be precluded from proceeding IFP in this action because he has three or more strikes for purposes of 28 U.S.C. § 1915 and was not under imminent danger of serious physical injury. *Andrews*, 493 F.3d at 1052-53.

### III.   ORDER AND RECOMMENDATIONS

For the foregoing reasons, the Court **VACATES** the Findings and Recommendations issued July 17, 2024 (Doc. 8).

The Court further **RECOMMENDS** that:

1. Plaintiff's application or motion to proceed IFP (Doc. 14) be **DENIED**; and
2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in

---

1.)

waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 12, 2024**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE